## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLIVIA DRAKE, *on behalf of herself and those similarly situated,*
828 S. 3rd Street
Philadelphia PA 19147

        Plaintiff,

  v.

HYUNDAI ROTEM USA, CORP.
2400 Weccacoe Avenue
Philadelphia PA 19148

        Defendant.

CIVIL ACTION NO: _____

COMPLAINT WITH JURY DEMAND

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Olivia Drake, (hereinafter "Named Plaintiff"), on behalf of herself and those similarly situated, hereby complains as follows against Defendant Hyundai Rotem USA, Corp. (hereinafter "Defendant").

## INTRODUCTION

1.    Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Defendant intentionally failed to pay Named Plaintiff and those similarly situated overtime compensation earned while in the employ of Defendant. As a result of Defendant's unlawful actions, Named Plaintiff and those similarly situated have suffered harm.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law. This Court has jurisdiction over Named Plaintiff's state law claims because they are supplemental to Named Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff, Olivia Drake, is an adult individual with an address as set forth above.

7. Defendant is a corporation with a place of business at the address set forth in the caption above.

8. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

9. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings this claim for relief to redress Defendant's violations of the Pennsylvania Minimum Wage Act and Pennsylvania Wage and Collection Law on behalf of herself and those similarly situated.

11. Specifically, Named Plaintiff seeks to represent a class of all Plaintiffs presently and formerly employed by Defendant who work or worked at Defendant's facilities and who are/were subject to Defendant's unlawful pay practices and policies (those similarly situated shall be referred to as "Class Action Plaintiffs") within the last three years.

12. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be at least forty employees.

13. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Action Plaintiffs, was an employee of Defendant in Pennsylvania whom Defendant failed to pay proper wages as required by Pennsylvania Minimum Wage Act and Pennsylvania Wage and Collection Law.

14. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the

class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

15. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

17. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendant failed to pay 1.5 times the regular rate to Class Action Plaintiffs for hours worked in excess of 40 per workweek; (2) whether Defendant had any good faith basis to conclude that their failure to pay Class Action Plaintiffs at least 1.5 times their hourly rate for hours over 40 was legal; (3) whether Defendant automatically deducted 30 minutes from each shift worked by Class Action Plaintiffs despite its own time records demonstrating that a 30-minute break was not taken; (4) whether Defendant failed to pay Class Action Plaintiffs for reported hours worked beyond their

scheduled shift; and (5) whether Defendant paid all wages due within the time required by the WPCL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees by Defendant who worked or work at Defendant's facilities within the last three years and who are/were subject to Defendant's unlawful pay practices and policies (the members of this putative class will be referred to as "Collective Action Plaintiffs").

19.     Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed *infra*.

20.     There are numerous similarly situated current and former employees of Defendant's who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

21.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

22.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## **FACTUAL BACKGROUND**

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. Defendants hired Named Plaintiff on or about May 17, 2010 as an assembly line worker.

25. Named Plaintiff is currently employed by Defendant as an assembly line worker.

26. Named Plaintiff, Class Actions Plaintiffs, and Collective Action Plaintiffs ("Plaintiffs") are/were assembly line workers or other similar hourly employees.

27. Each paycheck issued to Plaintiffs states that the employee is an hourly employee and is paid an hourly wage.

28. At all times relevant hereto, Plaintiffs were not delegated the responsibility to hire employees of Defendant.

29. At all times relevant hereto, Plaintiffs were not delegated the responsibility to fire employees of Defendant.

30. At all times relevant hereto, Plaintiffs were not delegated the responsibility to discipline employees of Defendant.

31. At all times relevant hereto, Plaintiffs were not delegated the responsibility to schedule employees of Defendant.

32. At all times relevant hereto, Plaintiffs were not delegated the responsibility to make meaningful and discretionary decisions regarding the business of Defendant.

33. At all times relevant hereto, Plaintiffs did not perform any meaningful or typical managerial and/or supervisory duties for Defendant.

34. At all times relevant hereto, Plaintiffs were not paid on a salary-basis.

35. Accordingly, Plaintiffs were non-exempt hourly employees of Defendant.

36. Defendant did not designate Plaintiffs as exempt employees under state or federal law.

37. Plaintiffs were and are regularly scheduled to work forty (40) hours per week.

38. Accordingly, Defendant should have paid Plaintiffs overtime premiums for actual time worked in excess of forty (40) hours per week.

## UNLAWFUL AUTOMATIC DEDUCTIONS FOR "MEAL BREAKS"

39. The foregoing paragraphs are incorporated herein as if set forth in their entirety

40. Per Defendant's written policies, Plaintiffs may take a 30-minute unpaid lunch break each shift.

41. Defendant automatically deduct 30 minutes of paid time from Plaintiffs' paychecks for each shift, including for shift that a bona fide meal break of at least 30 minutes is not taken.

42. Defendant required Plaintiffs to track their time by using a punch-in/punch-out system.

43. When Plaintiffs took a bona fide meal break, Plaintiffs punched in and out for such breaks..

44. Nonetheless, even on days when the punch-in/punch-out system documented that Plaintiffs did not take a bona-fide meal break of at least 30 minutes, Defendant automatically deducted 30 minutes paid time from Plaintiffs' paychecks.

45. Throughout her employment, Named Plaintiff regularly did not take a bona-fide 30 minute uninterrupted lunch break during weeks where she worked more than 40 hours.

46.	Upon information and belief, Class Action Plaintiffs and Collective Action Plaintiffs also regularly did not take a bona-fide 30 minute uninterrupted lunch break during weeks where they worked more than 40 hours.

47.	Accordingly, by failing to pay Plaintiffs for such time, Defendants have violated the overtime provisions of the FLSA.

## **UNLAWFUL FAILURE TO PAY FOR ALL HOURS WORKED**

48.	The foregoing paragraphs are incorporated herein as if set forth in their entirety.

49.	Plaintiffs are regularly scheduled to work for Defendant 8.5 hours per day, five or more days per week.

50.	In addition to their scheduled hours, Plaintiffs are routinely required to work beyond their scheduled shift-end time.

51.	Defendant is aware that Plaintiffs routinely work beyond their scheduled shift time because Defendant's own time records demonstrate that Plaintiffs frequently work beyond their scheduled shift times.

52.	Despite this knowledge, Defendants' practice is such that it has not paid Named Plaintiff, and upon information and belief, has not paid Plaintiffs, for any hours worked which occurred outside their scheduled shift.

53.	Nonetheless, Defendant routinely subtracted, to the detriment of Named Plaintiff (and upon information and belief to the detriment of Plaintiffs), payment for the time Plaintiffs were absent from work during their scheduled shifts.

54.	Accordingly, upon information and belief, Defendant failed to pay Named Plaintiffs any pay, including but not limited to overtime pay, for the hours worked in excess of their scheduled shifts.

55. As Plaintiffs routinely worked in excess of 40 hours per workweek, much of this unpaid time resulted in them being denied proper overtime compensation.

### COUNT I
### Fair Labor Standards Act (FLSA)
### (failure to pay overtime compensation)
### (Named Plaintiff and Collective Action Plaintiffs)

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. At all times relevant herein, Defendant were and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

58. Named Plaintiff and Collective Action Plaintiffs were and/or are employed by Defendant as non-exempt employees within the meaning of the FLSA.

59. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's hourly rate for each hour worked in excess of forty per workweek.

60. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek.

61. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Collective Action Plaintiffs have suffered damages.

### COUNT II
### Violations of the Pennsylvania Minimum Wage Act
### (Failure to Pay Overtime)
### (Named Plaintiff and Class Action Plaintiffs)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein Defendant has been and continue to be an "employer" within the meaning of the PMWA.

64. At all times relevant herein, Named Plaintiff and Class Action Plaintiffs were/are employed by Defendant as an "employee" within the meaning of the PMWA.

65. The PMWA requires covered employers to compensate employees at least one and one half times their regular rate of pay for each hour worked over 40 per workweek.

66. Defendant, however, failed to pay Named Plaintiff and Class Action Plaintiffs overtime compensation for each hour Named Plaintiff and Class Action Plaintiffs worked in excess of 40 each workweek.

67. As a result of Defendant's failure to pay Named Plaintiff and Class Action Plaintiffs overtime wages, Defendant have violated the PMWA, causing Named Plaintiff and Class Action Plaintiffs to suffer damages.

## COUNT III
### Pennsylvania Wage Payment and Collection Law
**(failure to pay wages)**
**(Named Plaintiff and Class Action Plaintiffs)**

68. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

69. Defendant's aforementioned conduct violated the WPCL.

70. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Action Plaintiffs have suffered damages.

## COUNT IV
### Pennsylvania Wage Payment and Collection Law
**(failure to pay all wages within required time period)**
**(Named Plaintiff and Class Action Plaintiffs)**

71. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

72. By failing to pay Named Plaintiff and Class Action Plaintiffs all wages due (as described above), Defendant violated the WPCL by failing to pay all non-overtime wages due to Named Plaintiff and Class Action Plaintiffs within 15 days.

73. Furthermore, by failing to pay Named Plaintiff and Class Action Plaintiff all overtime wages due, Defendant violated the WPCL by not paying overtime wages due within the following pay period following the 15-day period.

74. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Action Plaintiffs have suffered damages.

**WHEREFORE**, Named Plaintiff, Class and Collective Action Plaintiffs pray that this Court enter an Order:

A. Declaring that Defendant's pay practices of automatically docking its employees for a 30-minute meal period when it has knowledge that its employees did not take such a period violates federal and state law;

B.	Declaring that Defendant's pay practices of not paying for all time worked as indicated by its own time records violates federal and state law;

C.	Providing that Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

D.	Providing that Defendant is to compensate, reimburse, and make Named Plaintiff, Class and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions;

E.	Providing that Named Plaintiff, Class and Collective Action Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions, as provided under applicable law;

F.	Providing that Named Plaintiff, Class and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

G.	Providing that Named Plaintiff, Class and Collective Action Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417